IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT JOHN MORRISON, #2001080062**            **PETITIONER**

**v.**            **CIVIL ACTION NO. 1:08-cv-30-LG-RHW**

**PEARL RIVER COUNTY**            **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Morrison, who is currently incarcerated in the Pearl River County Jail in Poplarville, Mississippi, filed a petition for habeas relief pursuant to 28 U.S.C. § 2254.

Petitioner was divorced on October 17, 1991, and as a result of that divorce proceeding, Petitioner lost custody of his children. Petitioner requests that this Court to review this custody order or in the alternative to release him from custody so that he may obtain counsel to remedy his custody issue.

**DISCUSSION**

Federal Courts are courts of limited jurisdiction and "must presume that a suit lies outside of this limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests with the party seeking the federal forum. *Howery*, 243 F.3d at 916. This Court may *sua sponte* raise jurisdictional issues at any time and in fact has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *see also Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Although the Court certainly has jurisdiction over § 2254 claims, "litigants may not obtain review of state court actions by filing complaints about those

actions in lower federal courts cast in the form of civil rights suits." *See Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

As the Fifth Circuit has explained, "[t]he Supreme Court has definitively established, in what has become known as the Rooker-Feldman doctrine, that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)(*citing Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). "If a state trial court errs the judgment is not void, it is reviewed and corrected by the appropriate appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court." *Weekly*, 204 F.3d at 615. "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). If the Court allowed the Petitioner to proceed with his claims, it would result in this court reviewing the decisions of the Pearl River County Chancery Court (Case Number 25, 665-D, Oct. 17, 1991) concerning Petitioner's custody of his children. This Court does not have jurisdiction to entertain the Petitioner's cause of action and to grant the requested relief in this action.

## CONCLUSION

As discussed above, this Court does not have jurisdiction to review, modify or nullify decisions entered by the state courts in the Petitioner's custody dispute. Consequently, this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, will be dismissed without prejudice for lack of jurisdiction. A Final Judgment in accordance with this Memorandum

Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 4th day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE